**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 14-4763**

─────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

LUIS ANTONIO RAMIREZ, a/k/a AntonioNC1966,

               Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Senior District Judge. (1:14-cr-00070-JAB-1)

─────────

Submitted: May 5, 2015                Decided: June 1, 2015

─────────

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Mark R. Sigmon, GRAEBE HANNA & SULLIVAN, PLLC, Raleigh, North Carolina, for Appellant. Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Antonio Ramirez appeals the district court's judgment sentencing him to 225 months' imprisonment for enticing and coercing a minor to engage in sexually explicit conduct to produce child pornography, in violation of 18 U.S.C. § 2251(a), (e) (2012). In accordance with Anders v. California, 386 U.S. 738 (1967), Ramirez's counsel filed a brief certifying that there are no meritorious grounds for appeal but questioning whether the district court imposed an unreasonable sentence. Ramirez filed a pro se supplemental brief, alleging that his guilty plea was not entered knowingly and voluntarily and that trial and appellate counsel rendered ineffective assistance.

A defendant's guilty plea is valid where he voluntarily, knowingly, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). Because Ramirez did not move to withdraw his plea in the district court, the Fed. R. Crim. P. 11 proceeding is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 527 (4th Cir. 2002). Our review of the record shows that the district court complied with Rule 11 and that Ramirez's plea was knowing and voluntary.

Next, we review Ramirez's sentence for reasonableness using an abuse-of-discretion standard. Gall v. United States, 552

U.S. 38, 51 (2007). We must first review for "significant procedural error," including improperly calculating the Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, sentencing based on clearly erroneous facts, or failing to adequately explain the sentence. Id.

If we find no significant procedural error, we examine the substantive reasonableness of the sentence under "the totality of the circumstances." Id. The sentence imposed must be "sufficient, but not greater than necessary" to satisfy the goals of sentencing. See 18 U.S.C. § 3553(a) (2012). We presume on appeal that a sentence within a properly calculated Guidelines range is reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). The appellant bears the burden to rebut the presumption by showing that the sentence is unreasonable when measured against the § 3553(a) factors. Id.

Here, Ramirez received an adequate, individualized explanation of his properly calculated, within-Guidelines sentence. Our review of the record leads us to conclude that his sentence was neither procedurally nor substantively unreasonable.

Finally, we consider whether Ramirez's trial and appellate counsel rendered ineffective assistance. "It is well established that a defendant may raise a claim of ineffective

3

assistance of counsel in the first instance on direct appeal if and only if it conclusively appears from the record that counsel did not provide effective assistance." United States v. Galloway, 749 F.3d 238, 241 (4th Cir.) (internal quotation marks, brackets, and ellipsis omitted), cert. denied, 135 S. Ct. 215 (2014). Absent such a showing, ineffective assistance claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Having reviewed the record, we conclude that Ramirez has not made the requisite showing. Thus, if he wishes to challenge the effectiveness of his counsel, his claim is best presented in a motion under 28 U.S.C. § 2255.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Ramirez, in writing, of the right to petition the Supreme Court of the United States for further review. If Ramirez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ramirez.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED